IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) CASE NO. CV418-195
) CV419-096
324 AUTOMOTIVE GRILLES, )
)
Defendant. )
_____ )

## O R D E R

Before the Court is Claimants LKQ Corporation's and Keystone Automotive Industries, Inc.'s (collectively "LKQ") Motion Regarding Amendment of the Complaint and For Amendment of the Scheduling Order. (Doc. 46.)[1] After careful consideration and for the reasons stated below, the Court finds that LKQ's Motion Regarding Amendment of the Complaint and For Amendment of the Scheduling Order (Doc. 46) should be **DENIED IN PART** and **GRANTED IN PART**.

In LKQ's motion, filed on August 13, 2019, LKQ represents that the parties were in the process of coming to an agreement on a case management motion for this case and the related case in this district, Case No. 19-cv-96. (Id. at 1.) LKQ, however, states that before such motion could be finalized, counsel for the Government filed a

---

[1] The citations are to the docket of Case No. 18-cv-195 unless otherwise noted.

motion for leave of absence and did not "inform LKQ of the Government's position on LKQ's proposed draft of the Parties' joint motion prior to his departure." (Id.) Accordingly, LKQ moves this Court to (1) order the Government to amend its complaint by August 23, 2019 to include all of LKQ's seized grilles that the Government intends to seek forfeiture of, (2) dismiss the related action at Case No. 19-cv-96, without prejudice, and instruct the Government to include any claims from the related action into the amended complaint, and (3) "set an expedited briefing schedule for a new omnibus Motion to Dismiss in response to the Government's to-be-filed Second Amended Complaint." (Id. at 2.) LKQ set forth its proposed scheduling deadlines in the motion. (See Doc. 1 at 4.)

On August 27, 2019, the Government responded and agreed that the parties were in the process of coming to an agreement on a case management motion but provided that counsel for the Government explicitly communicated that a leave of absence would be sought. (Doc. 48 at 1.) The Government also stated that it intended to file an amended complaint no later than September 6, 2019. (Id. at 2.) The Government subsequently filed a status report on September 5, 2019. (Doc. 50.) In the status report, counsel for the Government stated that because of the mandatory evacuation

2

ordered due to Hurricane Dorian, the Government would be unable to file its amended complaint by September 6, 2019 as expected. (Id. at 1.) However, the Government provided that it could "proclaim with certainty that the Amended Complaint will be filed no later than Wednesday, September 11, 2019." (Id.) However, the Government did not file its Second Amended Complaint on September 11, 2019.

The Court first addresses LKQ's request that this Court order the Government to amend its complaint to include all of LKQ's seized grilles that the Government intends to seek forfeiture of. LKQ moves for the court order due to the "redundant and duplicative nature of the co-pending forfeiture actions" that have been brought by the Government in this case and Case No. 19-cv-96. (Doc. 46 at 2.) LKQ further moves for such order due to a recently entered order by Judge Friedrich on the United States District Court for the District of Columbia wherein Judge Friedrich ordered the Government to either "immediately release LKQ's seized automotive grilles, or, in the alternative, [] immediately initiate forfeiture proceedings against those grilles."[2] (Doc. 46, Attach. 1 at 3.)

---

[2] From Judge Friedrich's Memorandum Opinion and Order, it appears that the action was initiated by LKQ and sought equitable relief against the United States, the United States Department of Justice, and the United States

3

Thus, LKQ requests that this Court

> order the Government to file a Second Amended Complaint in this case, Case No. 18-cv-195, to include (i) all forfeiture claims previously-asserted in the instant action, (ii) all forfeiture claims associated with the Related Action that the Government wishes to continue to pursue, and (iii) any additional, new forfeiture claims—including those recently compelled by Judge Friedrich (Dkt. No. 58, D.D.C. Case No. 18-cv-1562), see infra—that the Government wishes to bring against seized Repair Grilles for which LKQ has previously submitted a claim.

(Doc. 46 at 2.)

This Court agrees with LKQ that, due to the two forfeiture actions pending before this Court, and in light of the agreement by the Government that it seeks to add "additional violative merchandise to the In Rem forfeiture complaint," the Government, in the interest of judicial economy and efficiency, should file an amended complaint to include all forfeiture claims of which this Court has jurisdiction and venue over that the Government wishes to pursue. (Doc. 48 at 1.) The Government shall file its amended complaint within **seven (7) days** of the date of this Order. The amended complaint must address all of the seized

---

Department of Homeland Security by requesting that the court order the Government defendants to either release the seized automotive grilles or institute forfeiture proceedings against said grilles. (Doc. 46, Attach. 1 at 2.)

4

goods that the Government seeks forfeiture of before this Court.³ Additionally, the Court agrees that the claims in Case No. 19-cv-96 should be included in the Second Amended Complaint in this action. Case No. 19-cv-96 was transferred to this district from the United States District Court for the Central District of California because this action and the action originally filed in California "concern[] the same parties (the Government and LKQ), and the issues—whether LKQ's grilles infringe on Chrysler's trademarks—are substantially similar." (Case No. 19-cv-96, Doc. 53 at 2.) The Court finds these rationales persuasive and further finds that the consolidation of the claims in the current action and the claims in Case No. 19-cv-96 would promote judicial economy and efficiency.

Accordingly, it is hereby ordered that LKQ's Motion is **GRANTED IN PART** as follows:

1) The Government is **DIRECTED AND ORDERED** to file a Second Amended Complaint in this case **within seven (7) days** of the date of this Order and

---

³ While Judge Freidrich's order requires the Government to initiate forfeiture proceedings on all seized grilles, and this Court is ordering the Government to amend its complaint in this action, this order should not be construed as an order that the Government is required to include in the amended complaint any and all of the grilles it has seized nationwide. All forfeiture claims must still comport with jurisdiction and venue provisions. See 28 U.S.C. § 1395; 28 U.S.C. § 1355.

5

shall include (i) any claims previously asserted in this action that the Government intends to pursue, (ii) any claims previously asserted in Case No. 19-cv-96 that the Government intends to pursue, and (iii) any new forfeiture claims of which this Court has jurisdiction and venue over that the Government wishes to assert arising out of any claims for forfeiture filed by LKQ to date;[4]

2) Case No. 19-cv-96 is **DISMISSED WITHOUT PREJUDICE** due to this order requiring the Government to assert the claims in Case No. 19-cv-96 in its Second Amended Complaint in this action; and

3) In light of this Court ordering the Government to file a Second Amended Complaint, LKQ's pending motions to dismiss (Case No. 18-cv-195, Doc. 14; Case No. 19-cv-96, Doc. 22) as well as the accompanying motions for hearing (Case No. 18-cv-195, Doc. 43; Case No. 19-cv-96, Doc. 62) are **DISMISSED WITHOUT PREJUDICE** as moot and LKQ may

---

[4] The Court notes that LKQ consented to venue in the Southern District of Georgia for the claims raised in Case No. 2:18-cv-09324 before United States District Court for the Central District of California. (See Case No. 19-cv-96, Doc. 51.)

file a renewed motion to dismiss responsive to the Government's second amended complaint.

However, LKQ's motion is **DENIED** to the extent that it seeks an order from this Court setting an expedited briefing schedule for a new omnibus Motion to Dismiss. The Court sees no need to set an expedited briefing schedule for any motions to dismiss. Accordingly, the time to serve responsive pleadings and motions is governed by the Federal Rules of Civil Procedure. Parties are, of course, free to confer and jointly propose an expediated briefing schedule.

**CONCLUSION**

For the foregoing reasons, LKQ's Motion Regarding Amendment of the Complaint and For Amendment of the Scheduling Order (Doc. 46) is **DENIED IN PART** and **GRANTED IN PART**.

SO ORDERED this 12th day of September 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA