# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-195 |
| | ) | |
| 1,550 AUTOMOTIVE GRILLES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

The Government moves to stay this civil forfeiture case in order to accommodate related litigation in Delaware and before the United States Court of Appeals for the Eleventh Circuit. Doc. 57. The purported owners of the grilles at issue, LKQ Corporation and Keystone Automotive Industries, Inc., oppose the stay. Doc. 58. On November 18, 2019, the Court held a hearing on the motion, at which counsel presented their arguments but no evidence was proffered or taken. For the reasons explained below, the Government's motion is denied. Doc. 57.

This case concerns the propriety of the seizure of the eponymous automotive grilles by United States Customs and Border Protection (CBP). Doc. 57 at 2. Broadly speaking, the Government contends that these grilles are subject to forfeiture as counterfeit merchandise. At the

hearing, the Government explained that the propriety of the seizure, and the viability of the forfeiture action, depends upon whether the "authenticity" of the grilles is determined by patent or trademark principles. The Government conceded that, construed as a patent dispute, CBP lacked the authority to seize the grilles. A related case, currently pending in the United States District Court for the District of Delaware, involves the same question, albeit in a dispute between these defendants and the intellectual property owners. *See* doc. 57 at 3. The Government, therefore, argues that this case should be stayed pending the outcome of the Delaware action, to avoid the possibility of inconsistent results.

In addition to the Delaware action, there is currently a dispute before the Eleventh Circuit about whether one of the parties there, FCA US, LLC ("Chrysler"), should be allowed to intervene in this action. The District Judge denied FCA's motion to intervene, doc. 38, and it appealed that denial, doc. 40. The Government suggests that this action should be stayed pending the Eleventh Circuit's ruling on the intervention appeal. It contends that any progress made in this litigation would be undone, if the Court of Appeals permits FCA's intervention. Doc. 57 at 4. Although the Government did not participate in the intervention argument before

the District Court, at the hearing it clarified its position that intervention should have been granted.

The grilles' purported owners argue, on the contrary, that neither the pendency of the Delaware litigation nor the pendency of the intervention appeal justify staying this case. *See generally* doc. 58. At the hearing, the owners argued that, from their perspective, the Government's approach to these seizures has been dilatory. They contend that the continued seizure of the grilles represents an ongoing economic hardship. They also argue against the Government's characterization of the relationships among the various related cases. More on those arguments below.

Both parties agree on the law. "[A] [d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Eleventh Circuit has cautioned, however, that such discretion must be circumspect. *See Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, (11th Cir. 2000). In *Ortega Trujillo*, the court found that a stay, pending the conclusion of other litigation—albeit before Bahamian courts—was

3

effectively indefinite, where a trial had not commenced and final resolution would only occur after all appeals were exhausted. *Id.* at 1264. The Court does not suppose that either the Delaware litigation or the intervention appeal will progress unreasonably slowly. However, there is no indication that either will resolve shortly. Although the uncertain length of the proposed stay is not, in itself, dispositive, it does militate against staying this action.

The purported owners first argue that staying this case, pending the resolution of the Delaware litigation, would be improper given the Government's previous argument that this case is meaningfully distinct from the Delaware action. *See* doc. 58 at 9 (citing the Government's argument at doc. 19 at 12-15). They also argue that the Government's concerns about inconsistent judgments is belied by the fact that it will not concede that any decision made by the District of Delaware would be binding here. *Id.* at 10 (citing, *inter alia.*, doc. 48 at 2). The Court also notes that the risk of inconsistency cuts both ways; there is currently *no* resolution to be inconsistent with. Thus, if this case resolves before the Delaware litigation, that determination, not this one, would face the risk of "inconsistency." The tenuous connection between the results of the

Delaware litigation and this action, combined with the effectively indeterminate time that case will take to resolve, do not support a stay.

The Government's alternative argument, that this case should be stayed pending the Eleventh Circuit's disposition of FCA's intervention appeal, is equally unavailing. The owners point out that, regardless of whether FCA is allowed to intervene, not all the grilles at issue implicate FCA's intellectual property. Doc. 58 at 10. Further, the District Court has already found that FCA's "interest is adequately represented by the Government." Doc. 38 at 8. FCA's interest is not the whole of this case, nor is that interest wholly unrepresented. Thus, it seems implausible that *no* durable progress can be made while its status in this case is not finally determined.

Moreover, whether FCA's intellectual property rights are implicated, the owners' property rights in the grilles, as against the Government's right to seize them, are directly at issue. Balanced against that *possible* implication of rights, is the owners' undisputed contention that "each day that [their] goods are held by the Government is another day that storage fees accrue on those goods." Doc. 58 at 13-14. The owners similarly point to, "the harm a stay may have to [their] business." *Id*. at

5

14. Again, the interests balancing in favor of a stay are, at best, tenuous and speculative, while those balanced against it are immediate and concrete. The discretionary scales, therefore, fall against a stay.

Accordingly, the Government's motion to stay this case is **DENIED**. Doc. 57. The parties are **DIRECTED** to confer within thirty days of the date of this Order and propose a schedule for discovery and dispositive motions. Within fourteen days of their conference, the parties should submit a joint status report. They should, to the extent practicable, structure their proposal to mitigate the disruption that might arise if the Eleventh Circuit determines that FCA should be allowed to intervene. If they are unable to agree, the status report should specifically identify the issues of contention and briefly state their respective reasons. Upon receipt of the status report, the Court will determine if a scheduling conference is necessary and issue a Scheduling Order as appropriate.

**SO ORDERED,** this 12th day of December, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA